IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV335-2-MU
(3:02CR140-2-MU)

| | |
|---|---|
| JASMINE R. ROBESON,<br>    Petitioner, | )<br>)<br>) |
| v. | )    O R D E R<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) |

**THIS MATTER** is before this Court upon the Fourth Circuit Court of Appeals' remand of the petitioner's claim that counsel was ineffective for having failed to comply with her request for an appeal as set forth in her amended Motion To Vacate, filed July 22, 2004. After having carefully reviewed the petitioner's amended Motion, the record of the petitioner's criminal case, and the relevant legal precedent, the Court concludes, out of an abundance of caution, that the petitioner's amended Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing her to pursue a direct appeal of the sentences from her underlying criminal case.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this Motion, the record reflects that on May 7, 2002, the petitioner (along with one other person) was named in a one-count Bill of Indictment which charged her with conspiring to possess with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 846.

On January 6, 2003, the petitioner appeared before the Court and tendered a "straight-up" guilty plea to the subject charge. On that occasion, the Court conducted a Plea & Rule 11 Hearing, during which it engaged the petitioner in a lengthy colloquy to ensure that her guilty plea was being intelligently and voluntarily tendered.

Also at that time, the petitioner stated, among other matters, that she had fully discussed her case with her attorney and, therefore, understood the charge and penalties which she was facing; that she had discussed possible defenses with her attorney; that no one had threatened or intimidated her, or had otherwise made her any promises of leniency to induce her plea; and that she was tendering her guilty plea because she, in fact, was guilty of the subject charge. Consequently, based upon these and the petitioner's other sworn declarations, at the conclusion of the Hearing the Court accepted the petitioner's guilty plea.

On December 12, 2003, the petitioner appeared before the Court for her Factual Basis and Sentencing Hearing. At that time, the Court determined that the petitioner's adjusted Offense Level was 30 and her Criminal History Category was I, thereby exposing her to a range of 97 to 121 months imprisonment. Then, after considering the remarks of counsel, including the information regarding the petitioner's multiple violations of the terms of her appearance bond, the Court ultimately sentenced the petitioner to a term of 121 months imprisonment.

The petitioner did <u>not</u> appeal her conviction or sentence in her criminal case. Rather, on July 12, 2004, the petitioner filed her original Motion to Vacate, arguing that her conviction was obtained by her guilty plea which was "unlawfully induced or not made (clear) voluntarily or with understanding of the nature of [] charge and consequences of the plea"; that her conviction was obtained by use of evidence which was unconstitutionally seized from her; and that she was denied the effective assistance of counsel by virtue of her attorney's alleged failure to respond to her post-sentencing telephone messages.

Then, on July 22, 2004, the petitioner filed a second Motion to Vacate, essentially amending her original Motion to include two additional claims, <u>i.e.</u>, that her right to the effective assistance of counsel was violated by her attorney's alleged failure to honor her request for a direct appeal; and that her conviction was improperly based on the total weight of the substances seized, rather than on the pure weight of those drugs.

However, due to an oversight, this Court was not aware of the petitioner's amended Motion. Consequently, on August 18, 2004, this Court entered an Order denying the petitioner's original Motion. That is, the Court's Order of dismissal rejected the petitioner's first three claims, but did not address the two claims raised in the petitioner's second Motion.

Next, the petitioner appealed this Court's Order to the Fourth Circuit Court of Appeals. On appeal, the Fourth Circuit

3

concluded that this Court's failure to address the two claims raised in the petitioner's second Motion to Vacate amounted to an implicit denial of those matters. See United States v. Robeson, No. 04-7718, slip op. at 4 (4th Cir. Jan. 13, 2006). Further, the appellate Court concluded that the petitioner's claim that counsel had failed to honor her request for an appeal raised a genuine issue of material fact concerning whether she had been denied the effective assistance of counsel. Therefore, the appellate Court vacated that part of the Court's Judgment, and remanded this matter "for resolution of this issue," that is, for resolution of the question of whether counsel was ineffective for failing to honor the petitioner's request for a direct appeal. Id.

As the appellate Court noted and this Court is aware, in United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel--irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance). Likewise, the Supreme Court has ruled that even where a defendant has not approached his attorney and specifically directed counsel to appeal, "the better practice is for counsel routinely to consult

4

with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). In this instance, consult means to advise the defendant of the advantages and disadvantages of an appeal and make "a reasonable effort to discover the defendant's wishes." Id.

In the instant case, the petitioner has alleged, inter alia, that she asked her attorney to file an appeal; but that her attorney, for whatever reason, failed to file such appeal as was requested. On appeal, the government denied the petitioner's claim that counsel had failed to honor her request for an appeal, and submitted an affidavit from defense counsel in support of its contention. Indeed, as the Court of Appeals noted, such affidavit from the petitioner's former attorney does, in fact, deny that the petitioner asked her to file a notice of appeal. Therefore, the Court is confronted with competing allegations concerning the status of the petitioner's direct appeal.

Typically, when the Court is confronted with competing allegations such as the instant ones, which likely will not be resolved by a hearing, the Court feels compelled to give the petitioner the benefit of the doubt on such matters. Consequently, in light of Evitts and Peak, the Court concludes that the petitioner's Motion to Vacate should be granted. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Thus, the Court will vacate its Judgment of

5

conviction so that the petitioner may appeal her case.

### III.  NOTICE OF APPELLATE RIGHTS

Ms. Robeson, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals.  If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later.  The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees.  You should discuss the question of appeal with your attorney, if you have one, but whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

### III.  CONCLUSION

The record of this matter reflects that for the above-stated reasons, the petitioner should be allowed to file a notice of appeal with the Fourth Circuit of Appeal.  Therefore, the

6

petitioner's amended Motion to Vacate will be granted in order to allow her to pursue the subject appeal.

### IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's amended Motion to Vacate is **GRANTED**;

2. That the petitioner's original Judgment is **VACATED** due to counsel's failure timely to file an appeal as requested by the petitioner;

3. That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as indicated on the original Judgment form;

4. That the petitioner may appeal from her new Judgment as has been explained in this Order; and

5. That the Clerk shall send copies of this Order to the petitioner, to the United States Attorney for the Western District of North Carolina, and to the Clerk of Court for the Fourth Circuit Court of Appeals.

**SO ORDERED.**

Signed: January 27, 2006

*[signature]*

Graham C. Mullen
United States District Judge