# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:02CR140-02-MU

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>    **Plaintiff,** )<br>)<br>   **v.** )<br>)<br>**JASMINE ROCHELLS ROBESON,** )<br>    **Defendant.** )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on a form captioned as a "Motion Under Title 18 U.S.C.A. §3582(c)(2) And Sentencing Guideline For Reduction Of Sentence Based On Guideline Amendment Effective November 1, 2004 Concerning Drug Quantity Table 2D1.1," filed June 26, 2006.

The record of this matter reflects that on January 6, 2003, the defendant entered a "straight-up" guilty plea to a charge of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 846. On December 16, 2003, the defendant was convicted of that offense, and sentenced to a term of 121 months imprisonment. The defendant did <u>not</u> appeal her conviction or sentence at that time.

Rather, on July 12, 2004, the defendant filed a Motion to Vacate, raising three challenges to her criminal case. There-after, however, on July 22, 2004, the defendant amended her Motion to Vacate to allege a claim that her former defense

attorney had been ineffective for his failure to honor her request for a direct appeal. Nevertheless, through an oversight, on August 18, 2004, this Court entered an Order which, without addressing the defendant's so-called Peak[1] claim, denied her Motion to Vacate.

The defendant appealed the denial of her Motion to Vacate. On appeal, the Fourth Circuit Court of Appeals partially vacated this Court's decision. See Robeson v. United States, No. 04-7718, slip op. at 4 (4th Cir. Jan. 13, 2006). In particular, the appellate Court remanded the case and directed this Court to consider the defendant's amended claim of ineffective assistance of counsel.

After the case was remanded, the Court allowed the government to respond to the defendant's claim. Such response denied that the plaintiff actually had asked counsel to file an appeal. However, giving the defendant the benefit of the doubt, this Court determined that counsel had failed to honor her request for an appeal. Therefore, the Court granted the defendant's Motion to Vacate, but only for the purpose of allowing her to directly appeal her criminal case. Consequently, on March 16, 2006, this Court entered an Order vacating the defendant's conviction and sentence. On that date the Court also entered a new Judgment from which the defendant could timely appeal her case.

To that end, on April 20, 2006, the defendant's Notice of

---

[1] See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Appeal was filed in this Court and transmitted to the Fourth Circuit. On May 4, 2006, the defendant's appeal was docketed under case number 06-4459. Consequently, the defendant's appeal currently is pending before the appellate Court.

Nevertheless, on May 30, 2006, the defendant filed the instant Motion, by which she is seeking a reduction of her sentence. However, as is apparent from the foregoing procedural history, this Court lacks authority to consider the defendant's Motion for Reduction. To be sure, inasmuch as the defendant's case now is pending on direct appeal, this Court is divested of its authority to entertain the defendant's Motion for Reduction under 18 U.S.C. §3582(c)(2).

Accordingly, the instant Motion for Reduction shall be **DISMISSED**.

**SO ORDERED.**

Signed: June 28, 2006

Graham C. Mullen
United States District Judge